IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEVIN DONNELL MURPHY,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-00325-JRR |
| **BRANDI STOCKSDALE,** *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant Craig Fader's Motion to Dismiss Complaint (ECF No. 8; the "Motion to Dismiss") and Plaintiff Kevin Donnell Murphy's "Motion Summary of Events for Summary Judgment," which the court construes as a motion for summary judgment per Federal Rule of Civil Procedure 56. (ECF No. 15; the "Motion for Summary Judgment.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion to Dismiss will be granted, and the Motion for Summary Judgment will be denied.

I.   **BACKGROUND**[1]

On February 1, 2024, Plaintiff initiated this action by filing two lawsuits: one against Defendants "Ms. Brandi Stocksdale Director" and "any staff member that was involved" in Case No. 24-325, and one against Defendants "Chief of Staff, Mr. Craig Fader," and "any staff member that was involved" in Case No. 24-326. (ECF No 1.) Although the actions named different Defendants, the allegations in both cases are the same.[2] Therefore, the court consolidated the cases

---

[1] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

[2] Unless otherwise specified, reference to the CM/ECF system refers to docket entries in Case No. 24-325.

pursuant to Federal Rule of Civil Procedure 42. (ECF No. 6.) To date, Fader is the only Defendant who has been served. (ECF No. 7.)

This consolidated action arises from the termination of Plaintiff's Supplemental Nutrition Assistance Program ("SNAP") benefits for his purported failure to submit necessary paperwork, despite Plaintiff having "submit[ed] all required documentation through the Maryland State Department of Health and Human Services online platform." (ECF No. 1-1 at p. 2.) Plaintiff avers that his SNAP benefits were suspended "without affording [him] a fair and impartial hearing" in violation of the United States Constitution. *Id.* at p. 3. Plaintiff alleges that a week before his SNAP benefits were terminated, he received correspondence informing him that he could contest the termination of his benefits by "proactively schedul[ing] a court date." *Id.* at p. 2. Plaintiff seeks the following relief: "arrest of individuals who violated due process," "certified copies of each individual's oath of office and surety bond," monetary damages, punitive damages, and injunctive relief—although he does not specify what injunctive relief he seeks. *Id.* at p. 4. Plaintiff does not assert any specific counts. Affording the Complaint liberal construction, the court construes Plaintiff's action as one brought pursuant to 42 U.S.C. § 1983.[3] *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .").

---

[3] To the extent Plaintiff's response to the Motion to Dismiss or his Motion for Summary Judgment assert additional or different facts or claims than those set forth in the complaint, Plaintiff may not amend his pleading by response to a motion or by filing a motion for summary judgment. *See, e.g., Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 382 F. Supp. 3d 349, 377 n.17 (D. Md. 2019) (noting that an opposition to a motion to dismiss "is not a vehicle for amending a complaint"); *Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-CV-3193, 2015 WL 2227928, at *6 (D. Md. May 11, 2015) (explaining that it is "axiomatic" that a complaint may not be amended by briefs in opposition).

On July 17, 2024, Fader filed the instant Motion to Dismiss seeking to dismiss Plaintiff's Complaint against him for lack of subject matter jurisdiction and for failure to state a claim. (ECF No. 8.) Plaintiff opposes the Motion to Dismiss and subsequently filed his Motion for Summary Judgment, apparently seeking summary judgment against all Defendants. (ECF No. 15.)

## II.  LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The district court

should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Fader raises a facial challenge to the court's subject matter jurisdiction, asserting that Eleventh Amendment immunity bars Plaintiff's action against him. (ECF No. 27-1 at 8–9.) Sovereign immunity "deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity," the Fourth Circuit has explained that "the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citation omitted)); *see Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) (explaining that "sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating").

## B. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A

genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

## III. ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Motion to Dismiss

#### 1. Individual or Official Capacity Action

In order to address the Motion to Dismiss, the court must first determine whether this action was brought against Fader in his official and/or individual capacities.[4] Plaintiff's Complaint does not so specify. (Case No. 24-326, ECF No. 1.) "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). "[T]he underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.*

---

[4] Although the court's analysis here concerns Defendant Fader, the same analysis would be applicable to Defendant Stocksdale.

Here, a plain reading of Plaintiff's pleadings demonstrates that he intended to bring this action against Fader in his official capacity; this is apparent from the manner in which Plaintiff identifies and names Fader in his pleadings ("Chief of Staff, Mr. Craig Fader . . . Secretary of Health and Maryland, Department"), the nature of the allegations, and the manner of service. (ECF No. 7; Case No. 24-326, ECF No. 1.) Similarly, the court is not persuaded that Plaintiff intended to bring this action against Fader in his individual capacity. While Plaintiff's opposition suggests, but does not state, that this is an official and individual capacity suit, "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action." *Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018) (quoting *Lizzi v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001)).

The court acknowledges that Plaintiff seeks relief (compensatory and punitive damages) that may suggest his claims are brought against Defendants in their individual capacities, but this not compelling for two reasons. First, the nature of his claims do not support a finding that Plaintiff asserted this action against Fader in his individual capacity—no factual allegation relates to Fader or his actions. *Cf. Murphy v. Virginia*, No. 21-1253, 2022 WL 17484286, at *2 (4th Cir. Dec. 7, 2022) (finding that the district court erred in determining that a plaintiff's individual capacity claims were barred where he had sought both compensatory and punitive damages and alleged actions directly attributable to the individual defendant). And second, Plaintiff also brings this action against unnamed Defendants who may well be the subject of the monetary damages he seeks.

Accordingly, even under the liberal construction afforded *pro se* filings, the court is not persuaded that Plaintiff intended to bring this action against Fader in his individual capacity where

7

he has made no allegation of individual actions by Fader.[5] Indeed, it would risk improper judicial advocacy for a *pro se* litigant to "conjure up" issues not presented. *See Desgraviers*, 501 F. Supp. 3d at 351, *supra*. The court, therefore, does not construe Plaintiff's action as against Fader in his individual capacity.

### 2. Eleventh Amendment Sovereign Immunity

The court now turns to Fader's argument that this action should be dismissed against him because Plaintiff's § 1983 claims are barred by Eleventh Amendment sovereign immunity.[6] (ECF No. 8-1 at p. 4–6.) The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Eleventh Amendment, states generally enjoy immunity from suit unless a state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Tres. v. Garrett*, 531 U.S. 356, 363–64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." (citations omitted)); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) ("[S]tate sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has

---

[5] For these same reasons, even were the court to construe this action as against Defendants Fader in his individual capacity, it would be subject to dismissal for failure to state a claim because Plaintiff does not allege any actions or involvement by Fader pertinent to Plaintiff's claims.

[6] Plaintiff filed correspondence titled "Urgent Request for Federal Investigation Regarding SNAP Benefits Discontinuation" at ECF No. 11. Because Plaintiff has already responded to the Motion to Dismiss and the filing at ECF No. 11 references non-named parties and arguments not asserted in this action, the court suspects the filing was erroneously made in this case; or, at best, it lacks clarity or any cogent purpose. The court therefore does not consider the correspondence in ruling on the instant Motions.

waived it."). As explained *supra,* a finding that a defendant enjoys sovereign immunity on a claim presents a jurisdictional bar to the court's adjudicative power over such a claim. *Cunningham v. General Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018).

Relevant here, "[l]awsuits against state officials in their official capacities, . . . are the equivalent of suits against the state itself." *Eller v. Prince George's Cnty. Pub. Sch.*, 580 F. Supp. 3d 154, 167 (D. Md. 2022); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)); *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty., Virginia*, 355 F. Supp. 3d 386, 399–400 (E.D. Va. 2018) ("[B]ecause a state official sued in his official capacity stands in for the entity he represents, he is equally entitled to assert that entity's sovereign immunity from suit."). "In contrast, the Eleventh Amendment does not bar 'an award of damages against an official in his personal capacity [that] can be executed only against the official's personal asserts.'" *Adams v. Ferguson*, 884 F.3d 219, 224–25 (4th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022); *Anderson v. Dep't of Pub. Safety & Corr.*, No. 24-1339, 2024 WL 4814882, at *1 (4th Cir. Nov. 18, 2024) (identifying the three Eleventh Amendment immunity exceptions). The three exceptions include:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 [121 S.Ct. 955, 148 L.Ed.2d 866] (2001) . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in

9

> violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 [124 S.Ct. 899, 157 L.Ed.2d 855] (2004) . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 [122 S.Ct. 1640, 152 L.Ed.2d 806] (2002).

*Doe.*, 595 F. Supp. 3d at 409 (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012)).

Relevant here, "Congress has not abrogated sovereign immunity for § 1983 suits," *see Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and Maryland "has not waived its immunity under the Eleventh Amendment to suit in federal court."[7] *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (citing MD. CODE, STATE GOV'T § 12-202(a)). The remaining question then is whether Plaintiff has alleged a suit for prospective relief against Fader for an ongoing violation of federal law.

"[S]uits for 'prospective injunctive relief against state officials acting in violation of federal law' are permitted" pursuant to the *Ex parte Young* exception. *Eller v. Prince George's Cnty. Pub. Sch.*, 580 F. Supp. 3d 154, 168 (D. Md. 2022) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "Under this limited exception, a federal court may issue prospective, injunctive relief against a state official to prevent ongoing violations of federal law, such as when the state officer is enforcing, or threatening to enforce, an allegedly unconstitutional state law." *Id.* "To invoke the exception, the plaintiff must identify and seek prospective equitable relief from an *ongoing* violation of federal law." *Allen v. Cooper*, 895 F.3d 337, 354 (4th Cir. 2018), *aff'd,* 589 U.S. 248 (2020) (emphasis in original). The exception "'does not apply when the alleged violation of federal

---

[7] Similarly, "[i]n the absence of specific legislative authorization, neither the Attorney General for the State of Maryland nor any assistant thereto has any authority to waive Maryland's sovereign immunity in the course of representation of the State, any State entity, or any State officer or employee." *Gross v. Morgan State Univ.*, 308 F. Supp. 3d 861, 866–67 (D. Md. 2018) (citing *Charles E. Brohawn & Bros., Inc. v. Bd. of Trs. of Chesapeake Coll.*, 269 Md. 164, 166 (1973)).

10

law occurred entirely in the past,' but applies when '(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 747 (4th Cir. 2018) (citations omitted); *see Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (same).

In order for the *Ex parte Young* exception to apply, the court "must find a 'special relation' between the officer being sued and the challenged" state action. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (quoting *Ex parte Young*, 209 U.S. at 157; *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001)). "This requirement of '*proximity to* and *responsibility for* the challenged state action,' . . . is not met when an official merely possesses '[g]eneral authority to enforce the laws of the state.'" *Id.* (emphasis in original) (quoting *S.C. Wildlife Fed'n v. Limehouse,* 549 F.3d 324, 333 (4th Cir.2008)); *see King v. Youngkin*, 122 F.4th 539, 548 (4th Cir. 2024) (same).

While Plaintiff refers to "injunctive relief," his Complaint does not describe or identify any specific injunctive relief sought. (ECF No. 1-1 at p. 4.)  Moreover, Plaintiff does not allege any relation—"special" or otherwise—between Fader and the purported challenge state action. *See McBurney*, 616 F.3d at 399, *supra*.  Plaintiff instead alleges a past violation and relief that is not prospective (with the exception of the cursory reference to injunctive relief).  Accordingly, the *Ex Parte Young* exception is inapplicable here, and Eleventh Amendment sovereign immunity bars Plaintiff's action against Fader in his official capacity.  The court will therefore grant the Motion to Dismiss to the extent it seeks dismissal of this action as against Fader.

    B. Motion for Summary Judgment

Plaintiff has also moved for summary judgment.  As explained *supra*, a court shall grant summary judgment where a movant demonstrates "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As an initial matter, the court will not grant summary judgment as against Fader for all of the reasons previously stated. With respect to the remaining Defendants, none of whom has been served, summary judgment is not proper. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *United States v. Perez*, 752 F.3d 398, 406 (4th Cir. 2014). Without personal jurisdiction, "the court is powerless to proceed to an adjudication," *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937)), and any judgment entered against an unserved defendant would be void. *Kumar v. Republic of Sudan*, 880 F.3d 144, 160 (4th Cir. 2018)

For all the foregoing reasons, the court will deny Plaintiff's Motion for Summary Judgment.

## IV.  CONCLUSION

For the reasons set forth herein, by separate order, the Motion to Dismiss (ECF No. 8) will be granted,[8] and the Motion for Summary Judgment (ECF No. 15) will be denied.

Date: January 13, 2025

/s/
Julie R. Rubin
United States District Judge

---

[8] A dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).